UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
OPERR GROUP, INC.,

        Plaintiff,

-against-

OPERR PLAZA, LLC AND IV - CVCF
NEB REO, LLC,

        Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-06458 (FB) (MMH)

*Appearances:*
*For the Plaintiff*:
KEVIN S. WANG
Wood Wang & Associates, PLLC
30-50 Whitestone Expy, Ste 402
Flushing, NY 11354

*For the Defendant Operr Plaza*:
JAY S. HELLMAN
THOMAS A. DRAGHI
Westerman Ball Ederer Miller Zucker
& Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556

*For the Defendant IV-CVCF NEB REO, LLC*:
PAUL S. SAMSON
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, MA 02114

**BLOCK, Senior District Judge:**

    Before the Court is Operr Plaza, LLC ('the Operr Plaza Debtor") and IV - CVCF NEB REO, LLC's (together, "Defendants") motion to refer this case to the bankruptcy proceeding pending before Judge Nancy Lord in the United States Bankruptcy Court for the Eastern District of New York, initiated by the Operr Plaza

Debtor's Chapter 11 petition: *In re: Operr Plaza, LLC*, Case No. 23-41938 (NHL) (Bankr. E.D.N.Y. 2023). In opposition, Plaintiff has cross-moved to remand back to state court.[1]

* * *

This case arises out of the same set of operative facts that are already before the bankruptcy court pursuant to Plaintiff's proof of claim. Namely, whether there is a valid lease between Plaintiff and the Operr Plaza Debtor, and whether the Operr Plaza Debtor breached the terms of that lease. Accordingly, the Court finds that this case is a "core" proceeding within the meaning of 28 U.S.C. § 157 and refers it to the ongoing bankruptcy proceeding on that basis. *See In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 706 (2d Cir. 1995) (recognizing "core" proceeding where "creditor became involved in bankruptcy court proceedings by filing its proof of claim in bankruptcy court and thereafter actively litigating in that court"); *see also 1325 Atl. Realty LLC v. Brooklyn Hosp. Grp. LLC*, No. 22-CV-1047 (RPK) (VMS), 2023 WL 2599660, at *3-5 (E.D.N.Y. Mar. 22, 2023) (referring "core" case to bankruptcy court in connection with pending proceeding).

---

[1] The Operr Plaza Debtor removed this case from the supreme court of New York, Queens County, pursuant to 28 U.S.C. §§ 1334(b), 1441(a).

Plaintiff's arguments to the contrary are without merit. Mandatory abstention is unwarranted because this case concerns a "core" proceeding. *See In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Abstention is only mandated with respect to non-core matters."). And the Court declines to apply the permissive abstention doctrine or exercise its discretion to remand this case back to state court. *See Osuji v. HSBC Bank, U.S.A., N.A.*, 580 B.R. 605, 612 (E.D.N.Y. 2018) (listing factors for permissive abstention); *Worldview Ent. Holdings, Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019) (inquiries for permissive abstention and equitable remand "are essentially the same and are often analyzed together"). It is obvious that the bankruptcy court is best suited to accomplish the efficient administration of all claims involving the debtor's estate, particularly those already registered against the debtor.

3

## CONCLUSION

For the foregoing reasons, Defendants' motion to refer this case to the Bankruptcy Court for the Eastern District of New York is GRANTED. Plaintiff's cross-motion to remand this action to state court is DENIED. This action is hereby referred to the Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2024

4